IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 4, 1993.

**92-2432.** State v. Brown. *Summit County*, No. 15457. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Summit County. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on December 2, 1992. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 4, 1993.

**92-2490.** State v. Miracle. *Clermont County*, No. CA92-04-038. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Clermont County to certify its record. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on December 10, 1992. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 4, 1993.

**92-2640.** Terra Vista Estate, Inc. v. Moriarty. *Cuyahoga County*, Nos. 61033, 61034 and 61035. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Cuyahoga County to certify its record. Appellant's request for extension of time to file a memorandum in support of jurisdiction was denied by this court on January 5, 1993. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 4, 1993.

**93-176.** Ochieng v. Craig. *Franklin County*, No. 92AP-1347. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Franklin County to certify its record and was considered in a manner prescribed by law. On application of appellee, this cause is hereby dismissed for lack of prosecution pursuant to Section 1, Rule II of the Supreme Court Rules of Practice, effective March 4, 1993.

### *Wednesday, March 10, 1993*
### MOTION DOCKET

**92-2122.** State v. Bailey. *Lake County*, No. 91-L-021. On motion for stay. Motion granted.

**93-307.** State v. Thom. *Seneca County*, No. 13-92-20. On motion for stay. Motion granted. F.E. SWEENEY, J., dissents.

**93-409.** Fitch v. Fitch. *Licking County,* Nos. 92-CA-63 and 92-CA-135. On motion for stay. Motion denied as moot.

### *Thursday, March 11, 1993*
### MOTION DOCKET

**91-963.** State v. Carter. *Hamilton County*, No. C-890513. This court received notification from the Supreme Court of the United States that said court on February 22, 1993, entered an order in No. 92-7040, *Clarence Carter v. Ohio*, which stated:

"On consideration of the petition for a writ of certiorari herein to the Supreme Court of Ohio, IT IS ORDERED by this Court that said petition be, and the same is hereby, denied."